UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

MICHAEL D. DARLING,

                                 Plaintiff,

          v.

                                                9:25-CV-1816
                                                (AMN/ML)

SUPERINTENDENT NAPOLI, et al.,

                                 Defendants.

_____

APPEARANCES:

MICHAEL D. DARLING
Plaintiff, pro se
24-B-0396
Coxsackie Correctional Facility
P.O. Box 999
Coxsackie, NY 12051

ANNE M. NARDACCI
United States District Judge

**DECISION and ORDER**

## I.      INTRODUCTION

Plaintiff Michael Darling commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma pauperis ("IFP").  Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP Application").  By Order entered on January 13, 2026, this action was administratively closed based on plaintiff's failure to comply with the filing fee requirement.  Dkt. No. 4 ("Administrative Closure Order").  Thereafter, plaintiff filed an amended complaint as of right, along with a second IFP application and a second inmate authorization form and the Clerk was directed to reopen this

1

action and restore it to the Court's active docket.  Dkt. Nos. 5, 6, 7, 8.  Roughly one week later, the Court received a third IFP application from plaintiff.  *See* Dkt. No. 9.

By Decision and Order entered on April 14, 2026, the Court granted plaintiff's second IFP application (Dkt. No. 6), reviewed the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), dismissed certain claims without prejudice for failure to state a claim upon which relief may be granted, and found that plaintiff's First and Fourth Amendment mail tampering claims against defendants Napoli and Jirinec survived sua sponte review.  Dkt. No. 10 ("April 2026 Order").

Presently before the Court are the following submissions from plaintiff: (1) a letter and affidavit objecting to the capitalization of plaintiff's name in the caption of the April 2026 Order, Dkt. No. 12; (2) a letter request for permission to file an appeal of the April 2026 Order insofar as it included an "unlawful" caption, Dkt. No. 13; (3) a letter complaining about the collection of a portion of the filing fee for this action from plaintiff's prison account, Dkt. No. 14; and (4) letters seeking reimbursement of filing fee amounts collected and termination of plaintiff's filing fee obligation, and withdrawal of the action based on "fraud," Dkt. No. 15.[1]

## II.     DISCUSSION

### A.     The Caption

Upon careful review of plaintiff's letter submissions, plaintiff seems particularly troubled by the Court's capitalization of his name in the caption of each written order issued in this case.  Plaintiff appears to believe that by capitalizing his name, the Court is effectively ruling on behalf of a fictitious person, or someone other than him.  Plaintiff's letters complaining about formatting issues are entirely frivolous, and only serve to unnecessarily burden this

---

[1] Plaintiff's letters include curse words, a prayer for the undersigned's death, confused accusations, and other inappropriate language apparently intended to highlight his frustration.

Court. *United States v. Hines*, No. 11-CV-5080, 2012 WL 2993596, at *1 (E.D.N.Y. July 20, 2012) (noting argument that the spelling of a defendant's "name in all capital letters in letters in the caption of the complaint refers to an artificial entity rather than a natural person" has "been long rejected" and that "[o]bviously, the typeface used in the caption of the complaint does not affect the Court's jurisdiction and somehow divest the Court of jurisdiction"); *United States v. Cam*, No. 22-CV-20885, 2022 WL 18024465, at *2 n.3 (S.D. Fla. Nov. 7, 2022) ("Doron also repeatedly complains that the United States misrepresents his identity by using capital letters to spell his name in the case caption. See Mot. ¶ 1 ("Doron Kramer, is not DORON KRAMER or DON KRAMER nor does he consent to be misrepresented as such by opposing party in order to deceptive [sic] obtain jurisdiction."). He also signs his pleading with reference to the Uniform Commercial Code. Id. ¶ 11. These statements are closely associated with 'sovereign citizen' theories that courts summarily reject as frivolous."); *United States v. Denham*, No. 08-CV-9012, 2009 WL 222984, at *1 (W.D. Mo. Jan. 29, 2009) ("[D]efendant's contention that one is not subject to a summons when his name is spelled in the caption in capital letters has been found to be "patently frivolous."); *Johnson v. Comm'r, T.C. Memo. 1999–312*, *aff'd* 242 F.3d 382 (9th Cir.2000) (holding that petitioner's contention that "he was not the taxpayer named in the notice of deficiency because the name on the deficiency notice was spelled in capital letters, and that corporations, not individuals, spell their names with capital letters" was frivolous).

Accordingly, insofar as plaintiff's letters seek any form of judicial relief related to the caption of this action, his requests are denied.

### B. Filing Fee

Insofar as plaintiff has filed letters requesting a refund of amounts withdrawn from his

prison account as partial payment toward the filing fee in this action, and an order that no further collections be made against his prison account, plaintiff was expressly advised in the Administrative Closure Order that "[t]he total cost for filing a civil action in this court is $405.00 (consisting of the civil filing fee of $350.00, 28 U.S.C. § 1914(a), and an administrative fee of $55.00)[,]" and "[a]lthough a party (including an inmate plaintiff) granted IFP status is not required to pay the $55.00 administrative fee, . . . [he] is required to pay, over time, the full amount of the $350.00 filing fee regardless of the outcome of the action." *See* Administrative Closure Order at 1 n.1 (citing 28 U.S.C. § 1915(b)(3)).  Plaintiff chose to proceed with this action, aware of this obligation, and thereafter filed a second IFP application (Dkt. No. 6) and signed inmate authorization form (Dkt. No. 7).  The authorization form signed by plaintiff also expressly states that he is "required to pay the full filing fee when bringing a civil action" and that "the Court must assess and collect payments until the entire filing fee of $350 has been paid, no matter what the outcome of the action."  Dkt. No. 7.  Although plaintiff handwrote a request on this document to be "inform[ed] . . . of cost before case is processed if charged[,]" the document itself, as well as the Administrative Closure Order, informed plaintiff of the cost to proceed with the action.

In short, plaintiff did not at any point condition proceeding with this action on avoiding his payment obligation, which, of course, the Court would not have allowed.  He also could have avoided any payment obligation by simply not submitting a signed authorization form and IFP application in response to the Administrative Closure Order.  The Court would add only that plaintiff cannot avoid his payment obligation at this stage by voluntarily dismissing the action.  *See, e.g., Goins v. DeCaro*, 241 F.3d 260, 262 (2d Cir. 2001) (inmate who withdraws his appeal is not entitled to a refund of the filing fee paid or a cancellation of the

remaining indebtedness).

Accordingly, insofar as plaintiff seeks a refund of any payments made toward the filing fee in this action, or a waiver of any future payment obligation, his request is denied.

**C.      Withdrawal**

Plaintiff's most recent submission includes a document entitled "FORCED WITHDRAW OF CASE DUE TO CORRUPTION[,]" wherein plaintiff states that he wishes to discontinue this action because the undersigned capitalized his name in the caption of the Court's initial order, which renders the document "VOID."  Dkt. No. 15 at 6-7.

Ordinarily, the filing of a letter seeking to "withdraw" a lawsuit before an answer or dispositive motion has been filed is governed by Rule 41(a)(1) of the Federal Rules of Civil Procedure, which states, in relevant part, as follows: "[A] plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."  Fed. R. Civ. P. 41(a)(1)(A)(i).  Since none of the defendants in this case have answered the complaint or moved for summary judgment, plaintiff is entitled to voluntary dismissal of this action without prejudice, without further order of the court, upon the filing of his notice of dismissal.

However, the Court has some concerns with the stated reason for plaintiff's request to "withdraw" this action, which may be based on plaintiff's misunderstanding of governing law. Accordingly, the Court will afford plaintiff thirty (30) days to update the Court if he wishes to proceed with this case and have summonses issued for defendants Napoli and Jirinec, as opposed to voluntarily dismiss this action.  In the event plaintiff does not expressly communicate a desire to continue with this action within thirty (30) days, this action will be dismissed without prejudice, without further order of the Court.

### III.     CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's letter requests (Dkt. Nos. 12, 13, 14, 15) are each denied as set forth above; and it is further

**ORDERED** that plaintiff shall have thirty (30) days to expressly communicate whether he wishes to proceed with this action and have the Clerk issue summonses for service on defendants Napoli and Jirinec.  In the event plaintiff does not expressly communicate his desire to continue with this action within thirty (30) days, this action shall be dismissed without further order of the Court, and the Clerk shall close this case and reflect that the action is voluntarily dismissed without prejudice pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure; and it is further

**ORDERED** that the Court will not consider any additional requests from plaintiff seeking judicial relief unless and until plaintiff confirms his desire to continue with this action. Any premature request for judicial relief filed by plaintiff shall be **STRICKEN** from the docket. Plaintiff is also advised that the continued filing of unsubstantiated requests for judicial relief that unnecessarily burden the Court may result in the imposition of sanctions; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED**.

Dated:   July 15, 2026
         Albany, NY

Anne M. Nardacci
U.S. District Judge

6